IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| ANGEL RIVERA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIVIL NO. 05-595-JLF |
| | ) | |
| ROGER E. WALKER, JR., WARDEN McADORY, WARDEN SPILLER, COUNSELOR FORSTRING and MS. GRATHER, | ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

**FOREMAN, District Judge:**

Plaintiff, formerly an inmate in the Menard Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983, for which he has paid the full $250 filing fee. He has filed a motion for appointment of counsel (Doc. 2), but he has not sought or been granted leave to proceed *in forma pauperis*. *See* 28 U.S.C. §§ 1915(a), (e)(1).[1] Accordingly, the motion for appointment of counsel is **DENIED**.

In this action, Plaintiff states that in August and September of 2003, while incarcerated at Menard, he was confined to a steel-door cell without water. He alleges that all named Defendants were aware of his situation due to his complaints and grievances, yet no action was taken to provide him with sufficient fluids. Plaintiff claims to have suffered serious dehydration, yet he was not provided with any medical treatment for his condition. Due to Defendants' refusal to provide him with drinking water, he resorted to drinking water

---

[1] Further, Plaintiff makes no showing that he has made reasonable efforts to secure counsel before resorting to the courts. *See Jackson v. County of McLean*, 953 F.2d 1070, 1072 (7th Cir. 1992).

from his toilet bowl.

In a case involving conditions of confinement in a prison, two elements are required to establish violations of the Eighth Amendment's cruel and unusual punishments clause. First, an objective element requires a showing that the conditions deny the inmate "the minimal civilized measure of life's necessities," creating an excessive risk to the inmate's health or safety. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The second requirement is a subjective element – establishing a defendant's culpable state of mind. *Id.*

Applying these standards to the allegations in the complaint, the Court is unable to dismiss any portion of this action at this point in the litigation. *See* 28 U.S.C. § 1915(e)(2).

**DISPOSITION**

Because Plaintiff has not sought or been granted leave to proceed *in forma pauperis* in this matter, the Court will not automatically appoint the U.S. Marshal to effect service upon Defendants. *See* 28 U.S.C. § 1915(d); FED.R.CIV.P. 4(c)(2). Instead, **IT IS PLAINTIFF'S RESPONSIBILITY TO EFFECT SERVICE UPON DEFENDANTS WALKER, McADORY, SPILLER, FORSTRING** and **GRATHER**.

The Clerk is **DIRECTED** to prepare summons for Defendants **WALKER, McADORY, SPILLER, FORSTRING** and **GRATHER**. The Clerk shall forward those summons and sufficient copies of the complaint and this Order to Plaintiff so that he may effect service upon Defendants pursuant to Rule 4 of the Federal Rules of Civil Procedure.

Plaintiff is **ORDERED** to serve upon Defendants or, if appearance has been entered by counsel, upon that attorney, a copy of every further pleading or other document submitted

for consideration by this Court.  He shall include with the original paper to be filed with the Clerk of Court a certificate stating the date that a true and correct copy of any document was mailed to defendant or his counsel.  Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

Pursuant to Local Rule 72.1(a)(2), this cause is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings.

Further, this entire matter is hereby **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Plaintiff is under a continuing obligation to keep the Clerk and each opposing party informed of any change in his whereabouts.  This shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs.

**IT IS SO ORDERED.**
**DATED:  January 6, 2006.**

                                              *s/ James L. Foreman*
                                              **DISTRICT JUDGE**