IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **ANGEL M. RIVERA**, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil No. **05-595-JLF** |
| ) | |
| **ROGER E. WALKER, JR.,** ) | |
| **WARDEN McADORY,** ) | |
| **WARDEN SPILLER,** ) | |
| **COUNSELOR FORSTRING,** ) | |
| **and MS. GRATHER,** ) | |
| ) | |
| Defendants. ) | |

## ORDER

**PROUD, Magistrate Judge:**

Before the Court plaintiff's "affidavit," which the Court construes as a motion for order directing the U.S. Marshal to serve defendants. **(Doc. 15)**.

In cases where the plaintiff is proceeding in forma pauperis, **Fed.R.Civ.P. 4(c)(2)** requires that the Marshal be appointed to serve process. That rule is not applicable here. Recognizing that he has accrued three strikes, plaintiff paid the full filing fee in this case. **See, Doc. 13, p. 2**.

Pursuant to Rule 4(c)(1), plaintiff is responsible for service. "Service may be effected by any person who is not a party and who is at least 18 years of age." **Rule 4(c)(2)**.

The Court will not require the Marshal to serve process in a case such as this. If defendants do not sign the waiver of service forms, plaintiff must make arrangements to have his summonses served by someone other than the Marshal.

Upon consideration and for good cause shown, plaintiff's motion for order directing the

U.S. Marshal to serve defendants **(Doc. 15)** is **DENIED.**

    **IT IS SO ORDERED.**

    **DATE: August 29, 2006.**

                                        **s/ Clifford J. Proud**
                                        **CLIFFORD J. PROUD**
                                        **UNITED STATES MAGISTRATE JUDGE**