IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **ANGEL M. RIVERA**, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil No. **05-595-WDS** |
| | ) |
| **ROGER E. WALKER, JR.,** | ) |
| **WARDEN SPILLER,** | ) |
| **COUNSELOR FORSTING,** | ) |
| and **Ms. GRATHER**, | ) |
| | ) |
| Defendants. | ) |

## REPORT and RECOMMENDATION

This Report and Recommendation is respectfully submitted to District Judge William D. Stiehl pursuant to 28 U.S.C. §§636(b)(1)(B) and (C).

Before the Court is a Motion to Dismiss filed by defendants Roger E Walker, Jr, Warden Spiller, Counselor Forsting, and Grather. **(Doc. 26)**. The motion is accompanied by a memorandum in support. **(Doc. 27)**. Although he sought and received an extension of time in which to respond, see **Doc. 31**, plaintiff has not filed a response.

## Nature of Plaintiff's Claims

At the time he filed suit, plaintiff Angel M. Rivera was an inmate in the custody of the Illinois Department of Corrections. He notified the court that he was released from prison in January, 2007. **See, Doc. 29.** Plaintiff filed suit under 42 U.S.C. §1983, alleging that his Eighth Amendment rights were violated by the conditions of his confinement.

As construed on preliminary review, plaintiff alleged the following:

1

> Plaintiff states that in August and September of 2003, while incarcerated at Menard, he was confined to a steel-door cell without water. He alleges that all named Defendants were aware of his situation due to his complaints and grievances, yet no action was taken to provide him with sufficient fluids. Plaintiff claims to have suffered serious dehydration, yet he was not provided with any medical treatment for his condition. Due to Defendants' refusal to provide him with drinking water, he resorted to drinking water from his toilet bowl.

**Doc. 6, pp 1-2.** The court construed this complaint as stating a claim regarding conditions of confinement. **Id.**

### Grounds for Motion

Defendants argue that the amended complaint should be dismissed because the deprivations alleged by plaintiff do not violate the constitution. Defendant Forsting also alleges that plaintiff has not stated a claim against him for retaliation. All defendants argue that they are entitled to official immunity and that they cannot be sued in their official capacities.

### Standard for Determination under Rule 12(b)(6)

In deciding a motion to dismiss under **Fed.R.Civ. P. 12(b)(6)**, the Court must accept as true all the factual allegations made in the complaint, and must give the plaintiff the benefit of all reasonable inferences to be drawn from those facts. ***Antonelli v. Sheahan*, 81 F.3d 1422, 1427 (7th Cir. 1996)**. The motion should be granted only if "'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.' Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957)." ***Id.*** And, of course, the Court is mindful that *pro se* pleadings must be liberally construed. ***Id.*, and cases cited therein**.

The Court must view the facts in the light most favorable to the non-moving party. The motion should not be granted unless "it appears beyond doubt that the plaintiff cannot prove any

facts that would support his claim for relief." *Northern Indiana Gun & Outdoor Shows, Inc. v. City of South Bend*, 163 F.3d 449, 452 (7th Cir. 1998).

## Analysis

**28 U.S.C. §1915A(b)** directs the court to screen prisoner civil rights cases and to dismiss the complaint or any portion thereof which "is frivolous, malicious, *or fails to state a claim upon which relief may be granted*." [emphasis added.]  Despite the fact that the court performed the screening mandated by statute and determined that no part of the complaint is subject to dismissal, defendants now move the court to dismiss the complaint for failure to state a claim upon which relief may be granted.

This is a "conditions of confinement" claim.  Many cases have recognized that prisons are not pleasant places, but harsh and unpleasant conditions do not, without more, violate the constitution.  The system is under no obligation to provide inmates with the amenities of a good hotel.  *Harris v. Fleming*, 839 F.2d 1232, 1235 (7th Cir. 1988).  Rather, the constitution requires only that an inmate's basic human needs be met; that is, he must be afforded the "minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981).

The court has already determined that plaintiff's allegations, taken as true and generously construed, state a claim.  Defendants' argument that the conditions of plaintiff's confinement do not violate the constitution is an invitation to make findings of fact.  However, the court may not do so on a motion to dismiss. *Antonelli*, 81 F.3d at 1427.  Defendants' first point must be denied.

Similarly, defendants' argument that they are entitled to qualified immunity also requires the determination of issues of fact.  "[A] complaint is generally not dismissed under Rule

3

12(b)(6) on qualified immunity grounds. ... Because an immunity defense usually depends on the facts of the case, dismissal at the pleading stage is inappropriate." *Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001).

Defendant Forsting's argument regarding a retaliation claim is somewhat puzzling. Pursuant to **28 U.S.C. 1015A(b)**, the court has identified the "cognizable claims." A claim for retaliation for exercise of First Amendment rights was not among the cognizable claims identified. **See, Doc. 6**.

Lastly, defendants are correct in that plaintiff cannot sue them in their official capacities. The Eleventh Amendment bars claims for damages against defendants in their official capacities. **See,** *Gossmeyer v. McDonald*, **128 F.3d 481, 487 (7th Cir. 1997), and cases cited therein.** The complaint does not allege in what capacity defendants are being sued. In the absence of such a specification, courts sometimes construe the suit as being against defendants in their official capacities only. **See,** *Yeksigian v. Nappi*, **900 F.2d 101, 104 (7th Cir. 1990)**. However, this is not an absolute rule, and the Seventh Circuit has held that the court must look to the manner in which the parties have treated the claim. **See,** *Conner v. Reinhard*, **847 F.2d 384, 394, n. 8 (7th Cir. 1988).** Here, defendants have treated this as an individual capacity suit in that they have asserted qualified immunity, which is applicable only in a personal capacity suit. *Id*. Thus, this case should be construed as presenting claims against defendants in their individual capacities only.

### Recommendation

This Court recommends that Defendant's Motion to Dismiss **(Doc. 26)** be **GRANTED with respect to any claims against defendants in their official capacities, and DENIED in all**

**other respects.**

If this Report and Recommendation is adopted, plaintiff's claims for violation of his Eighth Amendment rights due to the conditions of his cell in August and September, 2003, will remain pending as to all defendants in their individual capacities only.

Objections to this Report and Recommendation must be filed on or before August 6, 2007.

**Submitted: July 18, 2007.**

s/ Clifford J. Proud
**CLIFFORD J. PROUD**
**UNITED STATES MAGISTRATE JUDGE**
