IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **ANGEL M. RIVERA**, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No. **05-595-WDS** |
| | ) | |
| **ROGER E. WALKER, JR.,** | ) | |
| **WILLIAM SPILLER,** | ) | |
| **CHAD FORSTING,** | ) | |
| and **DAWN GRATHLER**, | ) | |
| | ) | |
| Defendants. | ) | |

### REPORT and RECOMMENDATION

This Report and Recommendation is respectfully submitted to District Judge William D. Stiehl pursuant to 28 U.S.C. §§636(b)(1)(B) and (C).

Before the Court are two Motions for Summary Judgment filed by defendants Roger E Walker, Jr, Warden Spiller, Counselor Forsting, and Grathler.[1] **(Docs. 39 & 52)**. The first motion raised only the issue of failure to exhaust administrative remedies. The court will discuss each motion separately.

### Nature of Plaintiff's Claims

Plaintiff Angel M. Rivera brings suit under 42 U.S.C. §1983, alleging that his Eighth Amendment rights were violated by the conditions of his confinement when he was an inmate in the custody of the Illinois Department of Corrections. At the time suit was filed, Rivera was in the custody of the New Mexico Department of Corrections. He states in his complaint that he

---

[1] Defendant Dawn Grathler's last name was spelled incorrectly by plaintiff in his original complaint. The court uses the correct spelling in this Report and Recommendation.

1

was an "Interstate Compact transfer." In November, 2006, plaintiff notified the court that he was being returned to the custody of the IDOC. **Doc. 25**. By March, 2007, plaintiff had been released from prison and was on parole in Florida. **Doc. 32.** In November, 2007, plaintiff notified the court that he was in jail in Marianna, Florida. **Doc. 41.** Mail sent to the jail address in Florida in January, 2008, was returned, marked "Out of Jail." **Doc. 44.** However, plaintiff filed a pleading in May, 2008, which indicated that he is again in the county jail in Marianna, Florida. **Doc. 56.**

As construed on preliminary review, plaintiff alleged the following:

Plaintiff states that in August and September of 2003, while incarcerated at Menard, he was confined to a steel-door cell without water. He alleges that all named Defendants were aware of his situation due to his complaints and grievances, yet no action was taken to provide him with sufficient fluids. Plaintiff claims to have suffered serious dehydration, yet he was not provided with any medical treatment for his condition. Due to Defendants' refusal to provide him with drinking water, he resorted to drinking water from his toilet bowl.

**Doc. 6, pp 1-2.** The court construed this complaint as stating a claim regarding conditions of confinement. *Id*.

### Standard for Summary Judgment

Summary judgment is appropriate under **Fed.R.Civ.P. 56** where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." **Fed.R.Civ.P. 56(c); see *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552 (1986).** The evidence is construed in the light most favorable to the non-moving party and all justifiable inferences are drawn in favor of that party. **See, *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 255, 106 S.Ct. 2505, 2513-14 (1986).**

Once the moving party has produced evidence to show that he or she is entitled to summary judgment, the non-moving party must affirmatively demonstrate that a genuine issue of material fact remains for trial. **Johnson v. City of Fort Wayne, 91 F.3d 922, 931 (7th Cir. 1996).** In responding to a summary judgment motion, the non-moving party may not simply reiterate the allegations contained in the pleadings; more substantial evidence must be presented at this stage. Moreover, a genuine issue of material fact is not shown by the mere existence of "some alleged factual dispute between the parties," **Anderson, 477 U.S. at 247**, or by "some metaphysical doubt as to the material facts," **Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).** Rather, a genuine issue of material fact exists only if "a fair-minded jury could return a verdict for the [nonmoving party] on the evidence presented." **Anderson, 477 U.S. at 252, 106 S.Ct. at 2512.**

Summary judgment is not barred by the mere existence of some factual dispute. **Anderson, 477 U.S. at 248; see also, JPM Inc. v. John Deere Industrial Equipment Company, 94 F.3d 270, 273 (7th Cir. 1996).** Only disputes as to facts that might affect the outcome of the suit in light of the substantive law are sufficient to defeat summary judgment. Disputes as to irrelevant or unnecessary facts do not preclude summary judgment. **Clifton v. Schafer, 969 F.2d 278, 281 (7th Cir. 1992).**

Plaintiff is a *pro se* inmate, and his pleadings must be liberally construed. **Duncan v. Duckworth, 644 F.2d 653, 655 (7th Cir.1981).**

### Defendants' Initial Motion for Summary Judgment (Exhaustion) (Doc. 39)

Defendants Roger E. Walker, William Spiller, Chad Forsting, and Dawn Grathler move for summary judgment on the grounds that plaintiff failed to exhaust his administrative

remedies.[2] Plaintiff filed a response, accompanied by exhibits, at **Doc. 42.** Defendants filed a reply at **Doc. 47.**

Plaintiff's claims are subject to the exhaustion requirement set forth in **42 U.S.C. § 1997e(a)** as follows:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

In *Perez v. Wisconsin Department of Corrections*, **182 F.3d 532 (7th Cir. 1999)**, the Seventh Circuit explained that exhaustion of administrative remedies pursuant to 42 U.S.C. § 1997e(a), while not jurisdictional *per se*, is a "precondition" to suit, regardless of the apparent futility of pursuing an administrative remedy, regardless of whether money damages are sought as a tangential remedy, and regardless of notions of judicial economy. Exhaustion of administrative remedies is required *before* a case may be brought, even if exhaustion is accomplished during pendency of the case. *See* **42 U.S.C. § 1997e(a); and** *Perez*, **182 F.3d at 535-536.** The Supreme Court has held that the "exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, **122 S.Ct. 983, 992 (2002)**.

Exhaustion must occur *before* suit is filed; plaintiff cannot file suit and then exhaust his administrative remedies while suit is pending. *Ford v. Johnson*, **362 F.3d 395, 398 (7th Cir. 2004).** Exhaustion requires that a prisoner "properly take each step within the administrative

---

[2]Warden McAdory has not been served.

4

process." ***Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002)**.

The IDOC grievance system is set forth in **20 Ill. Administrative Code §504.800 *et seq*.** In summary, these regulations provide that the inmate first submits his grievance to a grievance officer, who is to make his report in writing to the Chief Administrative Office (*i.e.*, the warden). Section 504.810 requires that the grievance be submitted "within 60 days after the discovery of the incident, occurrence, or problem that gives rise to the grievance." The warden responds in writing of his decision. If the warden denies the grievance, the inmate has 30 days in which to file an appeal to the Administrative Review Board (ARB). Where, as in Illinois, the administrative system provides for an administrative appeal of the warden's decision, exhaustion requires that the prisoner file the appeal and give the appeal board an opportunity to decide the appeal. *Pozo,* **286 F.3d at 1024.**

As the moving parties, defendants bear the burden in the first instance of establishing that there is no genuine issue as to any material fact. Further, failure to exhaust is an affirmative defense on which defendants have the burden of proof. *Westefer v. Snyder***, 422 F.3d 570, 577 (7th Cir. 2005).**

In the recent case of *Pavey v. Conley***, ___ F.3d ___, 2008 WL 2277494 (7th Cir., June 6, 2008)**, the Seventh Circuit held that the court is empowered to make findings of fact regarding exhaustion, following hearing and discovery on the issue. Here, however, a hearing is not necessary because there is no dispute as to the facts surrounding the issue of exhaustion.

Defendants' position regarding exhaustion changed from the filing of the motion to the filing of their reply. In their initial motion, they asserted as an "undisputed fact" that "Plaintiff did not appeal any grievances concerning the lack of water in his cell during the months of

5

August and September 2003 in accordance with departmental rules." They relied on the affidavit of Jackie Miller, dated October 9, 2007, for this assertion. **Doc. 39 as Exhibit A**. However, after plaintiff responded to the motion, defendants acknowledged that the quoted statement was incorrect.

Ms. Miller, who is a Chairperson with the Office of Inmate Issues for the IDOC, first describes the administrative grievance procedures. She then states that, based upon a search of the Administrative Review Board (ARB) records, plaintiff "did not appeal any grievances concerning the lack of water in his cell during the months of August and September 2003 in accordance with departmental rule 504." She further states that "Rivera did not appeal any grievances against Eugene McAdory, Martin Spiller, Chad Forsting, or Dawn Grathler concerning the alleged failure to take action concerning the lack of water in Plaintiff's cell." **Doc. 39, Ex. A, ¶¶ 7-8.**

In response to the motion, plaintiff filed copies of several grievances which he filed in August and September, 2003, in which he complains that the sink in cell N2 06 55 did not work.

The documents attached to plaintiff's response establish that he did, in fact, exhaust a grievance about a broken sink in his cell. Rivera filed a grievance dated September 7, 2003, in which he stated the sink in his cell did not work. This grievance was denied by the ARB on July 1, 2004. He also produced a grievance dated September 2, 2003, in which he complained of not receiving medical treatment and stated that his throat was dry and he felt like he was dehydrating "because of no water in the cell." That grievance is stamped "Received Oct. 14, 2003 Office of Inmate Issues." The documents also include a grievance dated September 19, 2003, in which plaintiff complained that "Med Tech Grather" saw him but failed to render any treatment on

6

September 9, 2003, and that she "said she would inform the cell house Lt of my issues having no water." That grievance is stamped "Received Oct. 10, 2003 Office of Inmate Issues."

Faced with these documents, defendants then filed a reply in which they "concede that Plaintiff has identified a material issue of fact as to whether he exhausted his administrative remedies concerning Defendant Forsting." **Doc. 47, ¶1**. They also concede that "Plaintiff's exhibits appear to call into question whether he properly appealed a grievance concerning the lack of water in his cell," but, they argue, none of the grievances named Walker, Spiller or Grathler. **Doc. 47, ¶¶ 4-5.** Defendants filed a second affidavit of Jackie Miller, dated January 28, 2008, in which she now says that Rivera did appeal any grievances about lack of water in which he named Walker, Spiller, or Grathler. **Doc. 47, Ex. A**.

While acknowledging that plaintiff did exhaust a grievance about the lack of a functioning sink, defendants cite 20 IL ADC 504.810(b), amended effective May 1, 2003, which requires that a grievance "shall contain factual details regarding each aspect of the offender's complaint, including what happened, when, where, and the name of each person who is the subject of or who is otherwise involved in the complaint." The Seventh Circuit has held that a prison system may require that a grievance contain "factual particularity" and that "grievances must contain the sort of information that the administrative system requires." **Strong v. David, 297 F.3d 646, 649-650 (7th Cir. 2002).** Defendants argue that plaintiff has not exhausted as to Walker, Spiller, or Grathler because he did not name them in a grievance.

Defendants have not cited a case wherein the Seventh Circuit held that administrative remedies were not exhausted because a defendant was not named in a grievance. This court's independent research has not located any such case either. In some kinds of cases, such as

7

excessive force cases, it could be quite easy to identify the "person who is the subject of or who is otherwise involved in the complaint." However, it is difficult to apply the naming requirement in this case. Rivera exhausted a grievance in which he complained that the sink in his cell did not work. It was not incumbent upon him to determine the identity of the individual employee within the prison system who was responsible for fixing the sink.

Further, the prison did not reject the grievance for lack of specificity or for noncompliance with the regulations. If the grievance did not comply with the requirements of the grievance system, the prison could have rejected it on that basis. **See, *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006)**. Here, though, the prison waived any noncompliance by processing the grievance all the way through the ARB stage without complaining that the grievance did not name the persons who were the subject of the complaint.

Defendants' Initial Motion for Summary Judgment on the issue of exhaustion **(Doc. 39)** should be denied.

### Defendants' Motion for Summary Judgment (Doc. 52)

Defendants served the notice required by ***Lewis v. Faulkner*, 689 F.2d 100, 102 (7th Cir. 1982)**. **(Doc. 53)**. Plaintiff did not file a timely response. However, more than two months after the motion was filed, he filed a Motion for Appointment of Counsel in which he set forth his position with regard to the merits of his case. **See, Doc. 56.** The court will construe **Doc. 56** as a response to the motion for summary judgment.

In order to prevail, plaintiff must meet both the objective and subjective prongs of the *Farmer* standard, set forth in ***Farmer v. Brennan*, 511 U.S. 825, 832-33, 114 S.Ct. 1970, 1876-1977 (1994).**

8

This is a "conditions of confinement" claim. Many cases have recognized that prisons are not pleasant places, but harsh and unpleasant conditions do not, without more, violate the constitution. The system is under no obligation to provide inmates with the amenities of a good hotel. ***Harris v. Fleming*, 839 F.2d 1232, 1235 (7th Cir. 1988)**. Rather, the constitution requires only that an inmate's basic human needs be met; that is, he must be afforded the "minimal civilized measure of life's necessities." ***Rhodes v. Chapman*, 452 U.S. 337, 347 (1981).**

Plaintiff has repeatedly cited to the IDOC's "segregation standards," which state that each cell shall be furnished with a "wash basin with running water." **See, Doc. 42, Ex. 1.** Whether this standard was violated is irrelevant to this case. The fact that state rules or regulations are violated does not amount to a constitutional violation. See, ***Whitman v. Nesic*, 368 F.3d 931 (7th Cir. 2004); *Thompson v. City of Chicago and Officer Hespe*, 472 F.3d 444, 454 (7th Cir. 2006).** Rather, the objective prong of the ***Farmer*** test is whether the temporary lack of running water deprived plaintiff of the "minimal civilized measure of life's necessities." ***Rhodes v. Chapman*, supra.**

Here, plaintiff's documents establish that he was not without fluids to drink during the period in question. In his complaint and in his response to the motion, he states that milk, juice, and cups of ice were distributed to segregation inmates. **See, Doc. 1, p. 7; Doc. 56**. Like all segregation inmates, he was able to take a shower once a week. **Doc. 52, Ex. C**. Further, the lack of running water was a temporary condition. Plaintiff was placed in cell N2 06 55 on August 21, 2003, and he was transferred to Pontiac Correctional Center on October 3, 2003, about six weeks later. **Doc. 52, Ex. 2**. Although the situation was not desirable, the lack of running water in his cell for about six weeks under these circumstances did not violate plaintiff's

9

Eighth Amendment rights. See, ***Harris v. Fleming*, 839 F.2d 1232, 1235 (7th Cir. 1988)** (ten days without toilet paper, toothbrush or toothpaste in a "filthy, roach infested cell" did not constitute cruel and unusual punishment); ***Adams v. Pate*, 445 F.2d 105, 108-09 (7th Cir.1971)** (no constitutional violation where inmate's cell was filthy and stunk, water faucet was inches above the toilet and ventilation was inadequate); ***Sain v. Wood*, 512 F.3d 886, 894 (7th Cir. 2008)** (lack of air-conditioning, peeling paint, foul odor and cockroach infestation did not violate constitution).

In addition, plaintiff cannot meet the subjective prong of the ***Farmer*** test. Defendants' affidavits are attached to **Doc. 52.** Defendant Spiller's affidavit states that he became aware that the sink in cell N2 06 55 was not working on September 10, 2003, and the sink was repaired that same day. Defendant Grathler's affidavit states that she saw plaintiff on September 9, 2003, in response to a sick call slip. Plaintiff told her that the sink had been repaired on the previous day, but that it was broken again. Grathler then informed the lieutenant and sanitation officer that the sink needed to be worked on again. Plaintiff's wrote another grievance on September 10, 2003, in which he stated that the sink had been fixed, but the hot water button became stuck again. The counselor's response, dated September 19, 2003, indicated that a work order had been put in. **See, documents attached to Doc. 42.** Lastly, defendant Walker did not personally review plaintiff's grievances. Rather, the Director's designee reviewed and signed off on the grievances. **Doc. 52, Ex. A**.

The undisputed facts in the record establish that defendants were not deliberately indifferent to the lack of running water in plaintiff's cell. Rather, the defendants who had actual knowledge of the situation took steps to furnish plaintiff with beverages and ice, and to have the

10

sink repaired.  Thus, defendants are entitled to summary judgment.

Although he has not been served and did not join in the motion, summary judgment should be granted in favor of defendant McAdory also because the objective prong of the **Farmer** test cannot be met as to him either.  See, ***Bonny v. The Society of Lloyd's***, **3 F.3d 156, 162 (7th Cir.1993)**, ***Rosser v. Chrysler Corporation***, **864 F.2d 1299, 1304 (7th Cir.1988).**

### Recommendation

This Court recommends that Defendants' Motion for Summary Judgment on the issue of exhaustion **(Doc. 39)** be **DENIED**, and that Defendants' Motion for Summary Judgment, filed by defendants Roger E Walker, Jr., William Spiller, Chad Forsting, and Dawn Grathler **(Doc. 52)** be **GRANTED**.  Summary judgment should be entered in favor of defendant McAdory as well.

If this Report and Recommendation is adopted, no claims will remain pending.

Objections to this Report and Recommendation must be filed on or before **June 26, 2008**.

**Submitted: June 9, 2008.**

   **s/ Clifford J. Proud**
   **CLIFFORD J. PROUD**
   **UNITED STATES MAGISTRATE JUDGE**